UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCHIED,                                   Case No. 15-11840

        Plaintiff,                          Avern Cohn
v.                                                      United States District Judge

KAREN KHALIL, *et. al.*,                    Stephanie Dawkins Davis
                                                        United States Magistrate Judge
        Defendants.
_____/

**REPORT AND RECOMMENDATION**
***SUA SPONTE* DISMISSAL PURSUANT TO *Heck v. Humphrey***
**AND TERMINATION OF ALL PENDING MOTIONS**
**AS MOOT (Dkt. 24, 27, 61, 81, 82, 95, 99, 106, 131)**

**I.     PROCEDURAL HISTORY**

*Pro se* Plaintiff David Schied ("Plaintiff") filed the present case under 42 U.S.C. § 1983[1] against a variety of individuals, governmental entities, and private entities relating to an alleged incident that occurred on June 8, 2012, where 17th District Court Judge Karen Khalil held him in contempt of court and plaintiff subsequently served 30 days in jail. (Dkt. 1). Plaintiff requests money damages along with injunctive and declaratory relief. *Id*. This matter was referred to the

---

[1] Plaintiff also mentions other federal statutes in the title section of his Complaint including 42 U.S.C. §§ 1981-1983, §§ 1985-1986, § 1988, but the Counts of his Complaint are as follows: Count I - Declaratory Judgment; Count II - Fourteenth Amendment Substantive Due Process; Count IV - Fourth Amendment Unlawful Seizure; Count V - First Amendment Assembly, Free Speech, and Religion; Count VI - Fourteenth Amendment Equal Protection; and Count VII - Injunctive Relief. Plaintiff does not assert any constitutional claims that would fall within the scope of 42 U.S.C. § 1982, which relates to real and personal property rights.

undersigned for all pretrial proceedings on January 12, 2016. (Dkt. 104). The parties have filed a variety of dispositive of and other motions. (Dkt. 24, 27, 61, 81, 82, 95, 99, 106, 131). The undersigned, having reviewed the extensive record in this matter, has determined that plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), which precludes plaintiff from bringing claims calling his contempt conviction into question without showing, or even alleging, that his conviction has been overturned or set aside.

Thus, as explained in more detail below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** pursuant to *Heck v. Humphrey* and that all pending motions (Dkt. 24, 27, 61, 81, 82, 95, 99, 106, 131) be **TERMINATED** as moot.

## II. PLAINTIFF'S COMPLAINT

After the finding of contempt by Judge Khalil, plaintiff claims that he was "kidnaped" by Redford Township officials and taken ultimately to Midland County Jail. Plaintiff claims that the defendants conspired to falsely imprison him, in violation of his constitutional right to due process under the Fourteenth Amendment, his right to be free from unreasonable seizure under the Fourth Amendment, his rights under the First Amendment to religious expression, free speech and assembly, and his rights under the Equal Protection clause.

Plaintiff seeks money damages and a declaration that the acts of Judge

Khalil were unconstitutional and violated his right to procedural and substantive due process. Additionally, plaintiff seeks injunctive relief in the form of an order requiring an independent audit of defendants' record-keeping and the convening of a special grand jury to inquire into the criminal offenses committed by defendants.

## III. ANALYSIS AND CONCLUSION

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are

true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se*

4

complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93–94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

B.  <u>*Heck v. Humphrey*</u>

Although not briefed by the parties, the doctrine set forth in *Heck v. Humphrey* precludes the court from recognizing plaintiff's constitutional claims against all defendants because plaintiff has not alleged or achieved a favorable termination of his conviction for contempt. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). The *Heck v. Humphrey* doctrine is applicable and requires the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). In *Heck*, the Supreme Court stated that actions

premised on § 1983 require the final adjudication of the criminal proceeding to be decided in the favor of the accused in order to prevent the possibility of contradictory resolutions of a claimant from succeeding in a tort action, yet being convicted in the criminal action. *Heck*, 512 U.S. at 484. Essentially, "a claim of damages bearing that relationship to a conviction or sentence [that] has not been so invalidated is not cognizable under § 1983. *Id*. at 487. As explained by the Supreme Court, permitting a § 1983 action that necessarily requires the plaintiff to prove the unlawfulness of his conviction or confinement, would contravene the strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction. *Id.*

Indeed, equal protection and due process claims arising from a plaintiff being "charged and probated for contempt of court...." are barred by *Heck v. Humphrey*, "until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Calloway v. Beasley*, 2013 WL 5592451, *2 (W.D. Ky. 2013). Like the plaintiff in *Calloway*, plaintiff here has not alleged that his contempt-of-court conviction for which he presently seeks remedy has been

6

overturned or otherwise invalidated.[2] Thus, all of his claims against all of the defendants are barred by *Heck.*

Moreover, plaintiff's claims for declaratory and injunctive relief do not change the analysis or result. The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Goss v. Brown*, 2006 WL 2711813, at *2 (E.D. Mich. 2006) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)); *see also Foreman v. Admin. Office of the Courts*, 2016 WL 3735798, at *3 (W.D. Mich. 2016) ("The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.").

And, plaintiff's vague allusions to other federal civil rights statutes do not provide any cover from the effect of *Heck v. Humphrey*. Indeed, all such claims

---

[2] It appears that plaintiff's attempts to file habeas corpus petitions have been unsuccessful. On June 26, 2012, Patricia Kraus filed, on plaintiff's behalf, a writ of habeas corpus in the United States District Court for the Eastern District of Michigan. On July 6, 2012, the request was denied because: (1) a non-attorney attempted to file the petition on plaintiff's behalf; and (2) plaintiff had not exhausted his state court remedies. *See Schied v. Nielsen*, 2012 WL 2681369 (E.D. Mich. 2012) (Hood, J.). On February 20, 2013, the Sixth Circuit denied plaintiff's motion for a Certificate of Appealability. (Dkt. 24, Ex. 3, 2/20/13 Order). On June 27, 2012, Kraus filed a writ of habeas corpus in the Wayne County Circuit Court. (Dkt. 24, Ex. 4, Wayne County Circuit Court Docket Sheet). However, on July 5, 2012, the Wayne County Circuit Court denied the writ because: (1) a non-attorney attempted to file the writ on plaintiff's behalf; and (2) the writ was not brought in the jurisdiction in which plaintiff was held – Midland County. (Dkt. 24, Ex. 5, 7/5/12 Order).

are equally barred. *See Dudley v. Dennis*, 2012 WL 5903999, *4 (N.D. Ohio 2012) (While 42 U.S.C. §§ 1981 and 1983 could provide the basis for a civil rights action, a plaintiff cannot use these statutes to challenge the computation or length of his criminal sentence unless the sentence has been set aside by a state court or a federal writ of habeas corpus); *Davenport v. Cooper*, 2014 WL 6909508, *3 (S.D. Ohio 2014) (quoting *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (Plaintiff's claims that his conviction or confinement were unconstitutional cannot proceed under 42 U.S.C. §§ 1983 or 1985 unless his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or ha[s] otherwise been called into question by a federal court's issuance of a writ of habeas corpus."); *Kelley v. Perry Twp. Police Dep't*, 2010 WL 2165080, *2 (N.D. Ohio 2010) (The reasoning of *Heck* applies to conspiracy claims under §§ 1985 and 1986) *Allemon v. Bair*, 2005 WL 1684153, at *4 (E.D. Mich. July 15, 2005) ("§ 1988 does not provide an independent cause of action. Because Plaintiff cannot prevail on his civil rights claims, he cannot obtain attorneys fees under § 1988.").

In essence, plaintiff is challenging the role that each of the defendants played in his alleged false arrest and false imprisonment based on defendants' "unconstitutional" actions; however, this fails to state a claim on which relief can be granted because plaintiff has not alleged that there has been a final adjudication

8

of his contempt conviction decided in his favor. As such, plaintiff's claims are not properly cognizable under 42 U.S.C. § 1983 or any of the above referenced statutes or constitutional provisions; *see Heck*, 512 U.S. at 486-87. For these reasons, the undersigned recommends the dismissal plaintiff's complaint in its entirety.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** pursuant to *Heck v. Humphrey* and that all pending motions (Dkt. 24, 27, 61, 81, 82, 95, 99, 106, 131) be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 11, 2016               s/Stephanie Dawkins Davis
                                    Stephanie Dawkins Davis
                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 11, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: David Schied, P.O. Box 1378, Novi, MI 48376.

                                    s/Tammy Hallwood
                                    Case Manager
                                    (810) 341-7887
                                    tammy_hallwood@mied.uscourts.gov