UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCHIED,

    Plaintiff,                                              Case No.15-11840

vs.                                                    HON. AVERN COHN

KAREN KHALIL, et al.,

    Defendants.

_____/

**MEMORANDUM AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 142)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 140)
AND
DENYING PENDING MOTIONS AS MOOT (Docs, 24, 27, 61, 81, 82, 99, 106, 131)
AND
DISMISSING THE CASE
AND
ENJOINING PLAINTIFF FROM FURTHER FILINGS WITHOUT LEAVE OF COURT**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff David Schied, proceeding pro se and <u>in forma pauperis</u>, filed an 87 page complaint under §1983, against multiple defendants, including nine individuals (District Judge Karen Khalil, Cathleen Dunn, Joseph Bommarito, James Turner, David Holt, Jonathan Strong, Police Officer Butler, John Schipani, and Tracey Schultz-Kobylarz), public or governmental entities (Wayne County, Redford Township 17th District Court, Redford Township, Redford Township Police Department, and Michigan Municipal Risk Management Authority) and a private entity (Insurance Company of the State of

Pennsylvania, American International Group, Inc).[1]

The complaint presents the following claims:

Count I - Declaratory Judgment;

Count II - Fourteenth Amendment Substantive Due Process;

Count IV - Fourth Amendment Unlawful Seizure;

Count V - First Amendment Assembly, Free Speech, and Religion;

Count VI - Fourteenth Amendment Equal Protection; and

Count VII - Injunctive Relief.[2]  Plaintiff seeks money damages and injunctive relief, particularly a declaration that Judge Khalil violated his constitutional rights.

In essential terms, plaintiff's claims arise out of an incident on June 8, 2012 when defendant District Court Judge Karen Khalil held him in contempt of court and ordered plaintiff to serve 30 days in jail.

The matter was referred to a magistrate judge for pretrial proceedings.  (Doc. 56).  The various defendants filed motions to dismiss, presenting several arguments in support of dismissal.  See Docs. 24, 27, 61, 81, 82, 95, 99, 106 and 131.  The magistrate judge, after weeding through all of the papers,[3] issued a report and

---

[1]Plaintiff has been a prolific pro se filer in this district.  A search of the Court's electronic database shows plaintiff has been a party in several cases, all of which have been dismissed:  Schied v. Daughtry, 08-14944, Schied v. Ward, 09-12374, Schied v. Snyder, 09-11307, Schied v. Cleary, 10-10105, and Schied v. Nelson, 12-12791.

[2]Plaintiff also references other federal statutes in the complaint, including 42 U.S.C. §§ 1981, 1982, 1985, and 1988.

[3]Plaintiff has inundated the record with filings that are hundreds of pages, including his responses to defendants' motions.  Plaintiff has also filed multiple miscellaneous filings, including motions for writs of mandamus, a motion for summary judgment, a motion for sanctions, "memorandums," "notices," and several documents

recommendation (MJRR), recommending sua sponte dismissal of the complaint and termination of all pending motions as moot because all of plaintiff's claims are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 484 (1984) because relief on any of plaintiff's claims would call into question his contempt conviction which has not been overturned or set aside. (Doc. 14). Although none of the defendants raised Heck, the magistrate judge concluded that a fair reading of the complaint resulted in the conclusion that all of plaintiff's claims are barred.

Before the Court are plaintiff's objections to the MJRR. (Doc. 142). For the reasons that follow, the objections will be overruled, the MJRR will adopted, defendants' motion will be denied as moot, and the case will be dismissed. Plaintiff will also be enjoined from future filings without leave of court.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution

---

styled "Crime Victim and Common Law Grievant Affidavit of Facts" purportedly submitted by non-parties (See Docs. 110-123). This is not a new occurrence. Indeed, in a prior case filed in this district, plaintiff took an appeal to the Court of Appeals for the Sixth Circuit. See Schied v. Snyder, No. 10-1176. The Sixth Circuit took note of plaintiff's voluminous filings but declined defendants' request that plaintiff be sanctioned as a vexatious litigant. However, the Sixth Circuit did state that "Schied is hereby warned that filing of further appeals claiming a right to criminally prosecute others for perceived criminal transgressions will result in sanctions."

mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Plaintiff's 409 page prolix objections do not address the magistrate judge's recommendation. At best from what can be gleaned, plaintiff asserts that the case law cited by the magistrate judge are unrelated to the "dominating facts and the laws applicable to this case." Rather, the gravamen of plaintiff's objections are an attack on the magistrate judge and other judges in this district, including the undersigned, and judges from other jurisdictions, as outlined in a series of "affidavits" executed by multiple non-parties. Plaintiff accuses the various judicial officers of "criminal" acts. Plaintiff provides no substantive objection to the magistrate judge's recommendation. Under these circumstances, plaintiff's filing does not constitute a proper objection.

Many of the defendants have filed a response to plaintiff's objections. See Docs. 143, 145, 146. The defendants agree that plaintiff's objections are not in a proper form

4

and that Heck applies and bars plaintiff's claims.

The Court has reviewed the MJRR and agrees with the magistrate judge that plaintiff's claims, stripped of all irrelevancies, are at their core an attack on his contempt conviction. Under Heck, because plaintiff's conviction has not been set aside or overturned, the Court cannot consider his claims.

IV.

Accordingly, for the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' pending motions are DENIED AS MOOT.

V.

Finally, some of the defendants have asked that plaintiff be sanctioned as a vexatious litigant. The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); See also, Filipas v. Lemons, 690 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." Id. at 269. A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. See e.g., Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. Filipas, 835 F.2d at 1146.

As noted above, plaintiff has been a frequent litigator. See n. 1, supra. All of his complaints were dismissed for lack of merit. The Sixth Circuit has previously warned

5

plaintiff that he may be sanctioned for his filings.  See n. 3, supra.  Plaintiff's voluminous, frivolous, and vexatious filings in this and prior cases warrant an injunction barring plaintiff from further filings.

Accordingly, IT IS FURTHER ORDERED that plaintiff is ENJOINED and RESTRAINED from filing any new documents in this case and any new complaints in the United States District Court for the Eastern District of Michigan without first seeking and obtaining leave of court by the presiding judge.[4]

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT COURT

Dated: September 12, 2016
       Detroit, Michigan

---

[4]The district judges rotate acting as the presiding judge and are usually designated for one-week periods.  The name of the presiding judge is not disclosed before Monday at 8:30 am and can be obtained by contacting the Clerk's office.  See E.D. Mich. LR 77.2.